Filed 9/24/21  P. v. Neal CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENSON ROBERT NEAL,<br><br>    Defendant and Appellant. | F081361<br><br>(Super. Ct. No. 1049999)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Mary K. McComb, State Public Defender, Jessie Hawk, Deputy State Public Defender, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric L. Christoffersen, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

In 1983, a jury convicted petitioner Benson Robert Neal of the first degree murder of Dixon Flinders.[1] (Pen. Code,[2] § 187.) For this offense, the trial court sentenced petitioner to a term of 25 years to life.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court denied the petition without a hearing on the ground that petitioner was a major participant in the underlying felony who acted with reckless indifference for human life, a disqualifying factor pursuant to section 1170.95, subdivision (a)(3).

On appeal, petitioner asserts he established a prima facie claim for resentencing relief, and the court therefore erred in denying the petition without issuing an order to show cause. The People concede error. We agree and reverse.

## FACTUAL AND PROCEDURAL HISTORY

In this court's opinion on petitioner's direct appeal, we described the facts leading to his convictions as follows:

> "On June 6, 1982, [petitioner] and others [including two men (Aleo and Ford), charged and convicted in a separate trial, and Sharon Poma (who was given immunity)] were at the home of Sharon Poma and her husband Bill Poma. Eventually [petitioner] asked if anyone had any marijuana, which apparently no one did. [Petitioner] suggested that a marijuana dealer, Dixon Flinders, probably had marijuana and money in his home. Considerable testimony from the various persons present in the Poma home failed to agree exactly on the discussion, but the persuasive evidence is that at least appellant, Aleo, Ford, and Sharon were going to go to Flinders' home and rob him. Whether or not it was [petitioner's] original idea, the group went to [petitioner's] apartment where it is clear that a .22 caliber handgun was obtained by [petitioner].
>
> "Before getting the gun, the group took a man named Irwin home. On the way there, [petitioner] mentioned "ripping somebody off" but was quickly shut up by Aleo. [¶] Arriving at Flinders' home the plan called for

---

[1]  Petitioner was convicted of additional offenses as described below.

[2]  Undesignated statutory references are to the Penal Code.

2.

Ford and Sharon Poma (then disguised with a wig) to go to the door and gain entrance. [Petitioner] waited near the front door, out of sight, and Aleo remained in the car, at least initially.

"Entering the house did not go as planned, and eventually [petitioner] directed Ford to shout 'SCDEU' (Stanislaus County Drug Enforcement Unit) and kick in the door. Even that did not go well for finally [petitioner] kicked in the door. So much for "knock notice." The ruckus aroused Flinders who greeted the would-be robbers with a rifle in his hands. Ford shot Flinders, killing him. Thereafter, the Flinders' home was searched by the entire group and items of personal property were stolen, placed into a pillowcase, and taken to the car. Poma testified that [petitioner] returned to the car carrying the rifle and pillowcase.

"After his arrest, [petitioner] was interviewed by the police and eventually gave a substantially similar version of the events.

"The defense essentially confirmed the basic sequence of events leading to Flinders' death but contended that [petitioner] was only with these people to purchase marijuana and had nothing whatsoever to do with planning and executing a robbery, much less a murder." (*People v. Neal* (June 6, 1986, F002482) [nonpub. opn.].)

On March 28, 1983, a jury convicted petitioner of first degree murder (§ 187; count I), robbery (§ 211; count II), and first degree burglary (§ 459; count III), and found, as to each offense, that petitioner was armed with a firearm (§ 12022, subd. (a)). On April 22, 1983, the trial court sentenced petitioner to a term of 25 years to life on count I, plus an additional one-year term for the firearm enhancement and a three-year term for a prior felony conviction, to be served consecutively.[3] Sentence on the remaining counts and enhancements was imposed and stayed. (§ 654.)

Petitioner appealed and, on June 6, 1986, this court reversed the three-year prior felony enhancement but otherwise affirmed the judgment. (*People v. Neal*, *supra*, F002482.)

---

[3] The prior serious felony conviction had been found true in a bifurcated proceeding.

3.

On March 29, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95.[4] In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

Also on March 29, 2019, the People filed a motion to dismiss the petition, arguing section 1170.95 is unconstitutional. Additionally, the People therein argued petitioner failed to make a prima facie showing of eligibility under section 1170.95 because petitioner was a major participant in the underlying robbery who acted with reckless indifference to human life. The People included with their opposition transcripts from petitioner's preliminary hearing and excerpts from his 2017 and 2018 parole hearings.

The court appointed counsel to represent petitioner on the petition. On August 14, 2019, petitioner's counsel filed a reply, arguing that section 1170.95 was constitutional and that petitioner had made a prima facie claim for relief.

The court did not issue an order to show cause or hear argument. Instead, on May 12, 2020, the court denied the petition in a "Memorandum of Decision" (boldface & some capitalization omitted). After quoting and summarizing this court's opinion on petitioner's direct appeal, the court rejected the People's unconstitutionality argument and further stated:

> "The Court's review of the entire record in this case confirms that [petitioner] is not eligible for relief under Section 1170.95 because he was a major participant in the crimes committed against Dixon Flinders. [Petitioner] identified Flinders to his killer – Ford. [Petitioner] showed his

---

[4] The petition was dated January 4, 2019. It appears the petition was first sent to the district attorney's office, which then submitted it to the court for filing along with the People's response.

co-participants where Flinders lived. [Petitioner] supplied the weapon used in the robbery and suggested various ways in which the group could enter the victim's home – alternatively by using a woman as 'cover' and by kicking down the door while yelling 'SCDEU'. All of these facts – established at [petitioner's] trial and reported in the appellate opinion affirming his conviction – show that he was a major participant in the crimes and that he exhibited a reckless indifference to human life in commission of those crimes."

This timely appeal followed.

## DISCUSSION

### I.  Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

5.

indifference to human life, as described in subdivision (d) of Section 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     The Trial Court Prejudicially Erred

Here, the petition was adequate to meet the requirements of section 1170.95, subdivision (b)(1). Furthermore, as the People concede, the record does not indisputably show petitioner was ineligible for resentencing. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["[A]bsent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence."]; accord, *Lewis*, *supra*, 11 Cal.5th at p. 971.)

Although the court here acknowledged it was not permitted to weigh evidence or make factual findings without holding a hearing, the court nonetheless proceeded to find, based on facts set forth in this court's opinion, that petitioner was a major participant in the crimes and acted with reckless indifference to human life. The court apparently believed it could make this determination as a matter of law. However, the People concede the determination required a factual finding that was impermissible at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972; *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 815 [holding that, where the record is not dispositive of factual issues, "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage"].)

Because petitioner adequately alleged a prima facie claim for relief and the record does not rebut his allegations as a matter of law, the court was required to issue an order to show cause (§ 1170.95, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving petitioner's ineligibility for resentencing relief beyond a reasonable doubt, unless such hearing is waived (§ 1170.95, subd. (d)). The court erred in failing to follow these procedures. Neither party argues the error was harmless, and we cannot say it is reasonably probable the petition properly could have been denied without an evidentiary hearing on any other basis. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson*, *supra*, 46 Cal.2d at p. 836.) Accordingly, we must reverse.[6]

---

[6] In addition to procedural error, petitioner argues the evidence before the court was insufficient to support a finding that he acted with reckless indifference to human life. We need not address this issue. On remand, the prosecution may rely on the record of conviction or offer new or additional evidence to attempt to prove, beyond a reasonable doubt, that petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.)

## **DISPOSITION**

The May 12, 2020 order denying petitioner's section 1170.95 petition is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under section 1170.95, subdivision (d).